## Kaufman *v.* O'Conner.

*Will—Issue devisavit vel non—Undue influence—Confidential relationship—Estoppel.*

On the trial of an issue devisavit vel non, it appeared that the plaintiff was the nephew and sole heir of testatrix, and that he and his aunt were tenants in common of the land upon which his aunt resided. The defendant was alleged by plaintiff to have been the confidential adviser of the testatrix with whom she consulted about all her affairs, and with whom she consulted about making her will. By her will she gave practically all of her estate to the defendant. The evidence tended to show that on the day after testatrix had consulted with defendant about her will, defendant took a scrivener to the hospital where the testatrix was ill, that he remained in the room while preparations were being made for drawing the will, and that during the writing of the will he remained in a nearby corridor. After the will was drawn defendant and the scrivener retained possession of the paper until after the death of testatrix. There was evidence that the testatrix at the time of signing the will was weakened from illness, and from the use of liquor. After the will was probated, but before an appeal was taken, plaintiff joined with defendant in two general warranty deeds for a portion of the land to a railroad company. In these deeds there was a recital that the defendant held an interest in the land as devisee of testatrix. It also appeared that at the time of the execution of these deeds, defendant released mortgages on portions of the land conveyed to the railroad. The case was submitted to the jury and a verdict and judgment rendered for the plaintiff. The six judges of the Supreme Court who heard the case were equally divided in opinion and the judgment was affirmed.

Argued Oct. 26, 1900. Appeal, No. 123, Oct. T., 1900, by defendants, from judgment of C. P. No. 2, Allegheny Co., July T., 1900, No. 122, on verdict for plaintiff in case of William G. Kaufman v. Albert Ward and John O'Conner. Before Mc-Collum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Issue devisavit vel non. Before Frazer, J.

At the trial it appeared that the testatrix, Emily O'Neil, executed her will when she was sixty-three years of age, and while she was ill at a hospital. She gave practically all of her estate to John O'Conner, the defendant, who was alleged to have been her confidential adviser, and with whom she had consulted about the making of her will. Plaintiff and his aunt were tenants in common of the real estate upon which the latter lived. After the will had been probated, but before an appeal from its probate had been taken, Kaufman and O'Conner joined in two general warranty deeds conveying a portion of the land to the Pittsburg & Lake Erie Railroad Company. In these deeds it was recited that O'Conner held title as the devisee of Emily O'Neil. At the time these deeds were made defendant released the land conveyed from mortgages which he held against it.

The court refused to give binding instructions for defendant, and submitted the questions of undue influence and confidential relation to the jury. On the matter of the deeds the court charged that plaintiff was not estopped by them, but said that he might consider the question of law later.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were the instructions of the court, quoting them.

*W. B. Rodgers,* with him *T. H. Davis,* for appellants.—As regards confidential relations, the case falls far short of what the law requires before shifting the burden: Logan's Estate, 195 Pa. 282.

Plaintiff was estopped by his deeds to the railroad company: Philadelphia v. Reeves, 48 Pa. 472 ; Phillips v. Bonsall, 2 Binn. 138 ; Briggs's Case, L. R. 1 Eq. 483 ; Oglivie v. Knox Ins. Co., 22 How. 387 ; Brewer v. Sparrow, 7 B. & C. 310 ; McCorkle v. Doby, 1 Strobhart's Law, 396 ; Shoemaker v. Cake, 83 Va. 8.

Kaufman could not claim inconsistent rights, but is held to his first position: Backenstoss v. Stahler, 33 Pa. 257; Auer v. Penn., 92 Pa. 444; Smith v. Baker, L. R. 8 C. P. 357; Roe v. Mut. Loan Fund, L. R. 19 Q. B. Div. 350; Clough v. London & North Western Ry. Co., L. R. 7 Exch. 35.

*J. E. O'Donnell*, with him *George H. Stengel*, for appellee.— Plaintiff cannot be held to be estopped by deed because such estoppel operates only as to the parties to the deed. Kaufman is undoubtedly estopped from asserting any claim to the property conveyed as against the railroad company, the grantee. The estoppel in any case cannot extend beyond the subject-matter of the conveyance: Rawle on Covenants for Title, sec. 25; Sunderlin v. Struthers, 47 Pa. 423.

The facts necessary to work an estoppel must appear affirmatively: Hill v. Epley, 31 Pa. 331; Bridger v. Goldsmith, 143 N. Y. 424.

If the truth be known to the other party, or to both parties, or if they have equal means of knowledge, there can be no estoppel: Hill v. Epley, 31 Pa. 331; Woods v. Wilson, 37 Pa. 384; Wright's App., 99 Pa. 425; Geiler v. Littlefield, 148 N. Y. 603.

The party alleging the estoppel must show substantial loss, injury or detriment to himself, or an estoppel will not arise: Helser v. McGrath, 52 Pa. 531; Com. v. Moltz, 10 Pa. 531; Bitting's App., 17 Pa. 216; Woods v. Wilson, 37 Pa. 384; Townsend Savings Bank v. Todd, 47 Conn. 190; Geiler v. Littlefield, 148 N. Y. 603.

Proof of direct influence, used at the making of the will, such as to destroy the free agency of the testator, is not required: Boyd v. Boyd, 66 Pa. 283; Cuthbertson's App., 97 Pa. 163; Yardley v. Cuthbertson, 108 Pa. 395; Scattergood v. Kirk, 192 Pa. 263.

PER CURIAM, January 7, 1901:

The judges who heard this case being equally divided in opinion, the judgment is affirmed.